

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DENORRIS DENARD ANDREWS,<br><br>Defendant. | Case No. 1:24-cr-198 (LMB) |

### STATEMENT OF FACTS

1. The United States and the defendant, DENORRIS DENARD ANDREWS (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

2. From in or around August 2019 to in or around September 2019, in the Eastern District of Virginia and elsewhere, the defendant, did knowingly devise and intend to devise a scheme and artifice to defraud financial institutions, and to obtain moneys and funds under the custody and control of those financial institutions by means of materially false and fraudulent pretenses and representations, in violation of 18 United States Code Section 1344.

### Background

3. The defendant, DENORRIS DENARD ANDREWS, was a resident of Georgia.

4. Capital One was an FDIC-insured banking institution within the meaning of 18 U.S.C. § 20.

5. Bank of America was an FDIC-insured banking institution within the meaning of 18 U.S.C. § 20.

6. United Bank was an FDIC-insured banking institution within the meaning of 18 U.S.C. § 20.

7. Company A was a synthetic turf company based in Georgia. Company A frequently did business with school districts.

8. Company A-1 was a shell company incorporated by the defendant in Virginia with a nearly identical name to Company A. The defendant incorporated Company A-1 for the fraudulent purpose of depositing checks intended for Company A.

9. Company B was a construction and surveying company based in Georgia.

10. Company B-1 was a shell company incorporated by the defendant in Virginia with a nearly identical name to Company B. The defendant incorporated Company B-1 for the fraudulent purpose of depositing checks intended for Company B.

11. Victim M.J. was an actual person residing in Georgia. M.J. was not affiliated with the Company A or Company B, nor did Company A or Company B authorize M.J. to conduct financial transactions on behalf of those companies.

12. Victim J.B. was an actual person residing in Kentucky. J.B. was not affiliated with the Company A or Company B, nor did J.B. authorize the defendant to transfer, possess, or use his name, date of birth, social security number, or other means of identification.

**Victim M.J. & Company A**

13. Between August 2019 and September 2019, three different school districts mailed checks to Company A, and payable to Company A, in the amounts of $414.426.60, $524,895.00, and $170,477.06. Those checks were ultimately stolen from the mail.

14. The defendant obtained the stolen checks intended for Company A and deposited them into fraudulent bank accounts he created for Company A-1. The defendant used M.J.'s name,

date of birth, and/or social security number, without lawful authority, to open the fraudulent bank accounts. The defendant then used M.J.'s name, also without lawful authority, to endorse and deposit each check.

15. On August 21, 2019, the defendant opened a Capital One bank account in the name of Company A-1 in Stafford, Virginia. The defendant opened the Capital One account using M.J.'s name, date of birth, and social security number.

16. On August 22, 2019, in Stafford, VA, the defendant deposited a $414,246.60 check from a Pennsylvania school district that was intended for Company A into Company A-1's Capital One bank account. The defendant signed M.J.'s name on the deposit slip.

17. On August 28, 2019, in Washington, DC, the defendant opened a Bank of America bank account in the name of Company A-1. The defendant opened the Bank of America account using M.J.'s name, falsely claiming M.J. was the owner of Company A-1.

18. On August 29, 2019, in Washington, DC, the defendant deposited a $542,895.00 check from a Missouri school district that was intended for Company A into Company A-1's Bank of America bank account. The defendant signed M.J.'s name on the deposit slip and check endorsement.

19. On September 5, 2019, in Washington, DC, the defendant opened a United Bank account in the name of Company A-1. The defendant opened the United Bank account using M.J.'s name and social security number.

20. On September 6, 2019, in Arlington, VA, the defendant deposited a $170,477.06 check from a Pennsylvania school district that was intended for Company A into Company A-1's United Bank account. The defendant signed M.J.'s name on the deposit slip and check endorsement.

### Victim J.B. & Company B

21. In September 2019, a forest products company based in Washington mailed a $32,123.82 check to Company B. That check was ultimately stolen from the mail.

22. The defendant obtained the stolen check intended for Company B and deposited it into a fraudulent bank account he created for Company B-1. The defendant used J.B.'s name, date of birth, and/or social security number, without lawful authority, to open the fraudulent bank account for Company B-1. The defendant then used J.B.'s name, also without lawful authority, to endorse and deposit the check.

23. On September 10, 2019, in Arlington, VA, the defendant opened a United Bank account in Company B-1's name. The defendant used J.B.'s name, date of birth, and social security number to open the account.

24. On September 11, 2019, in Alexandria, VA, the defendant deposited the $32,123.82 check intended for Company B into Company B-1's United Bank account. The defendant signed J.B.'s name on the deposit slip and check endorsement.

### Use of Fraud Proceeds

25. Between September 6, 2019, through September 28, 2019, the defendant further defrauded banks by obtaining money (through a series of structured cash withdrawals, cashier's check, and debit card transactions) from the custody and control of the banks by falsely representing himself as J.B.

26. For example, on September 27, 2019, in Fredericksburg, VA, the defendant withdrew $8,000 in fraud proceeds from Company B-1's United Bank account to which he was not entitled. The defendant knowingly misrepresented himself as J.B. to deceive United Bank and

withdraw monies that were owned by and under the custody and control of the bank. Ultimately United Bank suffered a loss for relying on the defendant's false representations.

27. In total, the defendant intended at least $1,159,742.48 in loss from the four stolen checks that he deposited into accounts for Company A-1 and Company B-1.

28. The defendant personally profited at least $67,685.65 from the bank fraud and identity theft schemes. The defendant then used the money for personal expenses, such as food, transportation, and clothing.

29. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

30. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: December 10, 2024      By: _____
                                  Zachary H. Ray
                                  Assistant United States Attorney

5

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, DENORRIS DENARD ANDREWS, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
DENORRIS DENARD ANDREWS

I am Brooke Rupert, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Brooke Rupert, Esq.
Attorney for DENORRIS DENARD ANDREWS

6